UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
GERALD D. DUNLAP, JR. and           :
NANCY J. DUNLAP,                    :
                    Plaintiffs,     :
            v.                      :   Civil Action No.
                                    :
CALIBER HOME LOANS, INC.            :
                    Defendants.     :
_____:
```

**COMPLAINT**

**I.   Introduction**

This is an action by homeowners against their default mortgage servicer for wrongful debt collection practices and a proper accounting of their mortgage and for damages.

**II.   Venue and Jurisdiction**

1. Jurisdiction over this matter is conferred upon this Court by the FDCPA 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331.

2. Venue lies in this judicial district in that the events which gave rise to this claim, including but not limited to the mortgage loan contract, occurred here and the property which is the subject of the action is situated within this district.

**III.   Parties**

3. Plaintiffs are natural persons, married, and residing at 111 Calhoun Road, SC 29135. At the time of events described hereinafter, plaintiffs resided at 337 E. Market St., Marietta PA 17547 (the "property"). The property is currently occupied by family members of plaintiffs.

4. The Defendant, Caliber Home Loans, is a corporation with its principal offices at 715 Metropolitan Avenue, Oklahoma City OK 73108 and is the servicing agent for the holder of plaintiffs' mortgage loan.

**IV.   Factual Allegations**

5. Prior to the events hereinafter described, plaintiffs had an outstnading home mortgage loan serviced by Wells Fargo ("the account").

6. In or around August 2012, Plaintiffs filed a chapter 13 bankruptcy petition in the United States Eastern District, Docket No. 12-17652, for among other financial reasons, to pay the $15,945 arrears due on the account.

7. Wells Fargo filed a proof of claim in plaintiffs' bankruptcy for plaintiff's mortgage loan arrears on the account which plaintiffs committed to pay through their chapter 13 plan.

8. On or about June 2016, Caliber sent plaintiffs a letter which gave notice to plaintiffs that:

    (a) Caliber was the new servicer for the account;

    (b) "Accrued interest" of $8,743.76 was due on the account.

9. On or about August 13, 2016, Wells Fargo filed a transfer of claim in favor of Defendant as the new servicer of the account.

10. On August 25, 2016, plaintiffs received their chapter 13 discharge from the Bankruptcy Court having completed all payments towards their plan.

11. On or about September 12, 2016, Caliber sent plaintiffs a mortgage Statement reflecting a past due amount of $11,817.88.

12. Not understanding why they owed any past due amount having paid all pre-petition arrears and post-petition monthly payment due on the account, plaintiffs called Caliber for an explanation but did not gain any information therefrom.

13. On or about September 14, 2016, Caliber called plaintiffs to collect the debt. Plaintiffs

having responded that they did not owe the debt, Caliber promised an audit of the account within 5 to 7 business day after receipt from plaintiffs of documentary proof of payments for the period July 2015 through September 2016.

14. Plaintiffs overnighted the requested payment proofs to Caliber the same day.

15. 2 day later, Caliber called plaintiffs to collect the delinquency amount prompting plaintiffs to explain everything again as if the aforesaid call had never happened.

16. Approximately 10 days later, plaintiffs called Caliber for the audit results on their account and were informed by Caliber that no audit was requested per its records. Caliber did confirm that it received the payment proofs sent by plaintiffs, but Caliber could not provide any explanation to plaintiffs as to how their July 2015 through September 2016 payments were applied by Caliber to the account.

17. On or about September 20, 2016, Caliber called plaintiffs to collect the debt. Caliber stated during the call that plaintiffs' payment from June through August 2-16 were sent by Caliber to plaintiffs' chapter 13 bankruptcy trustee. Upon plaintiffs' protest that no payments were due to the trustee, Caliber promised a "full account review" if plaintiff paid the debt was paid in full.

18. Upon plaintiff stating to Caliber that they refused to pay the debt because it was not owed, the phone call terminated.

19. Thereafter, plaintiff received approximately 4 additional calls from Caliber to collect the debt all without reference to the aforesaid record of disputes regarding the debt.

20. On or about September 27, 2016, Caliber called plaintiffs to collect the debt demanding the approximate amount of $18,000. Caliber again denied its records reflected any account review or audit of the account being promised or conducted, but promised that a "ticket

would be put in" for a review of the account with results to be provided within 30 days thereafter.

21. Caliber stated that plaintiffs should pay the debt while the account review was being conducted "to keep your home".

22. On or about September 29, 2016, plaintiffs called Caliber for status on the review of their account and were told again by Caliber that no review of their account had been ordered, but that they should pay the entire amount of the debt regardless.

23. On or about October 4, 2016, Caliber called plaintiffs to collect the debt and were told again by Caliber that no review of their account had been ordered, and promised again that a ticket would be put in for an account review. Additionally, Caliber stated to plaintiffs that it had "no idea where Wells Fargo applied the payments [representing the debt]" and that it no way to find out this information.

24. At all times during the three (3) year course of their chapter 13 bankruptcy, plaintiffs have been current on their post-petition monthly mortgage loan payments.

25. Despite Plaintiffs' monthly mortgage payments towards the account being current, on or about October 2016, Defendant sent plaintiffs an Act 91 notice of default alleging over $10,000 of mortgage loan arrears and threatened foreclosure of their home.

**V.  Causes of Action**

**COUNT I - FAIR DEBT COLLECTION PRACTICES ACT**

26. Plaintiffs incorporate the allegations all prior paragraphs by reference.

27. At the time it became the servicing agent for plaintiff's loan as described herein, Defendant was a debt collector within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a, in that it regularly collects debts owed to another, and the debt was

asserted by Defendant to be contractually in default at the time it became the servicer of the debt.

28. Proper servicing of plaintiffs' mortgage loan would have determined that plaintiffs were not obligated to Defendant for the amounts demanded.

29. Consequently, at the time the collection demands were made in the aforesaid written communications, Defendant misrepresented plaintiffs' legal and financial obligations regarding the mortgage loan.

30. Accordingly, Defendant violated §1692e(2)(A) by making a false representation of the character, amount, or legal status of any debt by stating that it was in arrears and subject to foreclosure.

31. Defendant violated §1692f by engaging in unfair or unconscionable means to collect or attempt to collect a debt by attempting to collect a debt that was not owed and wrongly implying that the debt had caused a foreclosure upon plaintiff's home.

## COUNT II – WILLFUL VIOLATION OF DISCHARGE INJUNCTION

32. Plaintiffs incorporate all prior paragraphs herein by reference.

33. The actions of Defendant in this case, in seeking to coerce plaintiffs' payment of discharged, satisfied, or fabricated debts by false and deceptive monthly statements and demand letters represents a gross violation of the discharge injunction entered in Plaintiff's bankruptcy case pursuant to 11 U.S.C. § 524, and constitutes contempt of bankruptcy court orders.

34. The conduct of in this case has substantially frustrated the discharge order entered by the U.S. Bankruptcy Court and has caused plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code, by her Mortgage and Note agreements, and by prior actions of the Defendant.

35. As a result of the 's violation of 11 U.S.C. § 524 and in order to protect debtors who have secured a full Chapter 13 discharge thereunder, is liable to the Plaintiff for actual damages, punitive damages and legal fees under Section 105 of Title 11 of the United States Code.

**PRAYER FOR RELIEF**

Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

d. Punitive damages and legal fees under 11 U.S. § 105;

e. Equitable relief in the form of an accurate accounting of plaintiffs' mortgage loan;

f. Such other and further relief as may be just and proper.

Dated: Oct. 31, 2016

ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By: Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200