IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD D. DUNLAP, JR., et al., : | |
| Plaintiffs, : | |
| : | CIVIL ACTION |
| v. : | NO. 16-5679 |
| : | |
| CALIBER HOME LOANS, INC., : | |
| Defendant. : | |

Jones, II    J.

August 10, 2017

## MEMORANDUM

After receiving a home mortgage loan from Defendant's predecessor in interest, Plaintiffs successfully petitioned the Bankruptcy Court of the Eastern District of Pennsylvania for Chapter 13 Bankruptcy and a discharge of the debt owed to Defendant. For months after the Chapter 13 discharge of Plaintiffs' debt, Defendant made repeated attempts to collect the amount previously owed on Plaintiffs' mortgage. As a result thereof, Plaintiffs initiated the present action alleging violations of § 1692e(2)(A) and § 1692f of the Fair Debt Collection Practices Act and § 524 of the United States Bankruptcy Code. Defendant filed a timely Motion to Dismiss Plaintiffs' Complaint, which the Court considers herein. For the reasons that follow, this Court will GRANT in part and DENY in part Defendant's Motion to Dismiss.

## BACKGROUND

The following facts are presented in the light most favorable to Plaintiffs. Plaintiffs, Gerald and Nancy Dunlap, secured a home mortgage loan from Defendant's predecessor in interest, Wells Fargo. (Compl., ¶ 5.) Thereafter, Plaintiffs filed for Chapter 13 Bankruptcy in the Eastern District of Pennsylvania, seeking discharge of the outstanding mortgage. (Compl., ¶ 6.)

At some point during the bankruptcy proceedings, Plaintiffs' mortgage was transferred to Defendant, Caliber Home Loans, Inc. (Compl., ¶ 9.)

Before granting discharge, the Bankruptcy Court required Plaintiffs to make payments toward their mortgage arrears as a condition of their Chapter 13 bankruptcy plan. (Compl., ¶ 7.) After completing all payments in accordance with the bankruptcy plan, Plaintiffs obtained a discharge from their remaining obligation under the mortgage loan. (Compl., ¶ 10.) Pursuant to 11 U.S.C. §524(a)(2), accompanying Plaintiffs' bankruptcy discharge was a court issued injunction prohibiting the commencement of any action to collect Plaintiffs' discharged debt.

Following the discharge and the accompanying injunction, Defendant began contacting Plaintiffs to collect a "past due amount." (Compl., ¶ 11.) Plaintiffs made repeated attempts to explain to Defendant that Plaintiffs fulfilled the requirements of their Chapter 13 plan and that, as a result, there should be no payments remaining on the account. (Compl., ¶¶ 12-13, 15-18.) The calls from Defendant persisted nevertheless, culminating in a threat by Defendant that if the outstanding balance was not paid, Plaintiffs risked losing their home. (Compl., ¶¶ 15, 17, 19-23, 25.)

In Count I, Plaintiffs allege that Defendant, as a debt collector, falsely represented the amount owed on Plaintiffs' account, and used unfair and unconscionable means to collect said amount, in violation of the Fair Debt Collection Practices Act. (Compl., ¶¶ 27-31.) In Count II, Plaintiffs allege that Defendant willfully violated the terms of the Bankruptcy Court's discharge injunction in violation of § 524 of the Bankruptcy Code. (Compl., ¶ 33.) Defendant timely filed the instant Motion to dismiss Plaintiffs' claims. Presently before the Court are Defendant's Motion and Plaintiffs' Response thereto.

**STANDARD OF REVIEW**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted). After the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

**DISCUSSION**

Defendant seeks dismissal of Plaintiffs' Complaint on two grounds. First, Defendant argues that Count II should be dismissed because § 524 of the Bankruptcy Code does not allow for a private right of action in district court. (Def.'s Mot., 3-4.) Second, Defendant argues that Count I should be dismissed because the Plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claim is precluded by the Bankruptcy Code's provisions addressing conduct that violates a discharge injunction. (Def.'s Mot., 4-7.) This Court addresses each issue in turn.

## I. Count II: Willful Violation of Discharge Injunction

In Count II of the Complaint, Plaintiffs claim that Defendant's actions constitute a willful violation of the injunction that accompanied Plaintiffs' Chapter 13 bankruptcy. (Compl., ¶¶ 33-35.) A discharge issued by a Bankruptcy court "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). Plaintiffs' claim is dismissed as a matter of law because it is well established that there is no private right of action available under §524. See In re Joubert, 411 F.3d 452, 456 (3d Cir. 2005) (citing holdings of other circuits that there is no private right of action for a violation of § 524). The proper means of challenging a creditor's violation of a court issued discharge injunction is through contempt proceedings in the issuing Bankruptcy Court. See Beck v. Gold Key Lease, Inc., 283 B.R. 163, 166 (Bankr. E.D. Pa. 2002) (declining to exercise jurisdiction over claims related to conduct that violated discharge injunctions of other courts and noting that "[a]s a general principle of law, only the court which issues an injunction has the authority to enforce it."); see also, Cox v. Zale Delaware, Inc., 239 F.3d 910, 916 (7th Cir. 2001) ("The court that issued the discharge order is in a better position to adjudicate the alleged violation, assess its gravity, and on the basis of that assessment formulate a proper remedy"). Because private suit is not the proper means, and this Court is not the proper forum, to advance the instant claim, this Court must grant Defendant's Motion as it relates to Count II of the Complaint.

In the Response in opposition to Defendant's Motion, Plaintiffs express a willingness to dismiss Count II without prejudice, to "permit focus on [their] FDCPA claim." (Pl.'s Resp., 1.) But, as established above, the deficiencies of this claim could not be remedied by further amendment. Count II of Plaintiffs Complaint is therefore dismissed with prejudice.

**II.     Count I: Violation of the Fair Debt Collection Practices Act**

In Count I of the Complaint, Plaintiffs allege that Defendant's conduct in the aftermath of Plaintiffs' Chapter 13 discharge violated § 1692e(2)(A) and § 1692f of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. (Compl., ¶¶ 30-31.) Defendant seeks dismissal of Count I on the grounds that Plaintiffs' FDCPA claim constitutes a re-imagination of Plaintiffs' claim for willful violation of the Bankruptcy Court's discharge injunction. (Def.'s Mot., 4-7.) As the Bankruptcy Code clearly limits actions based on conduct that violates a discharge injunction to contempt proceedings before the issuing Bankruptcy Court, Defendant argues that Plaintiffs cannot be permitted to use the FDCPA as a "back door" means of bringing a private action before this Court. (Def.'s Mot., 5.) Defendant's argument presents an issue for which there is no binding precedent in the Third Circuit, but for the reasons that follow, this Court finds that existing Third Circuit precedent militates against a categorical finding of preclusion in the instant case.

In Simon v. FIA Card Servs., the Third Circuit addressed the issue of preclusion between the FDCPA and the Bankruptcy Code in the context of pending bankruptcy proceedings, holding that when the "FDCPA claims arise from communications a debt collector sends a bankruptcy debtor in a pending bankruptcy proceeding, and the communications are alleged to violate the Bankruptcy Code or Rules, there is no categorical preclusion of the FDCPA claims." 732 F.3d 259, 274 (3d Cir. 2013). In Simon, the Third Circuit never addressed the relationship between the Bankruptcy Code and the FDCPA in the post-discharge context, but the reasoning underlying the Simon court's holding is instructive here.

The Simon court expressly noted that preclusion or "repeal…is a rare bird" and a finding of preclusion requires either an "'irreconcilable conflict between the statutes or a clearly

5

expressed legislative decision that one replace the other.'" Simon, 732 F.3d at 273 (quoting Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004)). Neither condition is present here. Defendant does not advance, and this Court could not identify, any express legislative decision reflecting an intention to have one statute repeal or preclude the other. And as it relates to the provisions at issue in the instant case, this Court finds no irreconcilable conflicts between the Bankruptcy Code and the FDCPA. The statutes require different showings of scienter to establish liability, and allow for different remedies, but the enforcement of both statutes in this case is not only possible, it is simple. That the two statutes sanction the same conduct is not, itself, a sufficient basis for a finding of preclusion. Id. at 274 (citing Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253 (1992) ("Redundancies across statutes are not unusual events in drafting, and so long as there is no positive repugnancy between two laws, a court must give effect to both.")). "When two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." Simon, 732 F.3d at 274. (quoting J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred Intern., Inc., 534 U.S. 124, 143-144(2001)).

At this early stage, this Court is unwilling to find that, as a matter of law, Plaintiffs' FDCPA claim is the "rare bird" that prompts a finding of preclusion. Defendant's Motion to Dismiss is denied as it relates to Count I of the Complaint.

**CONCLUSION**

For the foregoing reasons, this Court GRANTS Defendant's Motion as it relates to Count II of the Complaint, and DENIES Defendant's Motion as it relates to Count I.  A corresponding Order follows.

                          BY THE COURT:

                          /s/ C. Darnell Jones, II
                          C. DARNELL JONES, II    J.